# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1705014383A&B |
| | ) | |
| | ) | |
| HAYWOOD JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 19, 2018
Decided: December 6, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Rebecca Song, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Haywood Johnson, *pro se*

**MAYER,** Commissioner

1

This 6th day of December, 2018, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On May 22, 2017, an officer with the Wilmington Police Department encountered a white Astro van and approached the vehicle. The officer could see Defendant, Haywood Johnson, sleeping in the rear of the van. The officer woke him up and Defendant opened the door. At that time, the officer saw what appeared to be packaged heroin and marijuana. Defendant was ordered out of the van but tried to flee. Other officers provided assistance and Defendant was taken into custody. One of the officers saw the handle of a firearm in the pocket behind the right passenger seat. A search warrant was obtained, executed, and the drugs and firearm were seized. Defendant was indicted and charged with four counts of Possession or Control of a Firearm by a Person Prohibited (PFBPP), three counts of Possession or Control of Ammunition for a Firearm by a Person Prohibited (PABPP), Carrying a Concealed Deadly Weapon, two counts of Aggravated Possession, and Resisting Arrest.

Defendant's trial counsel filed a Motion to Suppress and Request for a *Franks* Hearing.[1] Through the Motion to Suppress, Defendant argued there were

---

[1] D.I. # 11.

2

inconsistencies in the Affidavit of Probable Cause in contrast to the Police Report and /or "false swearing" contained in the search warrant and sought to suppress all items seized pursuant to the search of the Defendant's vehicle.

At the beginning of the Suppression Hearing, the Court first engaged in a colloquy with Defendant. The Court understood that Defendant's position was that there was not only factually inaccurate statements but also a "deliberate falsehood inserted in the affidavit" of probable cause.[2] The Court then explained to Defendant the difficulties with his position and that should one piece prevail, there were many other legal hurdles that made success unlikely. The Court provided time for Defendant to consult further with counsel and the State before proceeding to hear testimony from the two officers in question. The Court considered legal arguments and eventually denied the Motion to Suppress. Subsequently, at final case review, Defendant was given an opportunity to voice any issues and did not bring anything to the Court's attention.

On December 12, 2017, Defendant's trial was scheduled to begin. Defendant was advised that if the matter went to trial, and if he were found guilty of the charged offenses, he was facing a minimum of 9 years and a maximum of 125 years of incarceration. In addition, there was a possible sentence of 35 years of incarceration

---

[2] Suppression Hearing at pp. 5-6.

3

for four pending violations of probation.[3] After a further opportunity to consult with trial counsel, Defendant agreed to accept a plea. The Court recited each of the constitutional rights that were being waived by Defendant's guilty plea and he voluntarily agreed to waive them.[4] After a further dialogue with the Court, Defendant indicated he was satisfied with trial counsel's representation.[5]

On that same date, Defendant executed a Plea Agreement, Truth-In-Sentencing Guilty Plea Form and Immediate Sentencing Form. Defendant agreed to plead guilty to one count of PFBPP and one count of Aggravated Possession Tier 3 Quantity of Heroin with an Aggravating Factor, all other charges would be *nolle prosequi* and dismissed. According to the Plea Agreement, the State would recommend for the PFBPP charge a sentence of 15 years at Level 5 suspended for the minimum mandatory of 5 years, followed by probation; and for the Aggravated Possession charge, a sentence of 25 years at Level 5 suspended after 2 years for probation. By executing the Truth-In-Sentencing Guilty Plea Form, Defendant agreed to waive the right to a trial by jury, to question witnesses, to present evidence in his defense, to testify in his defense, and to compel the State to prove each of the

---

[3] Plea and Sentencing Transcript December 12, 2017 at p. 8 (hereinafter "Plea Tr. at ___").

[4] Plea Tr. at pp. 18-19.

[5] Plea Tr. at pp. 22-23.

4

charges against him. Defendant also recognized that the charges involved a possible penalty of up to 40 years at Level 5, with a minimum mandatory of 7 years, not including certain violations of probation he had pending as well. Defendant was sentenced to Level 5 time, suspended upon Defendant serving the minimum mandatory for both charges.

On July 5, 2018, Defendant filed a Motion for Postconviction Relief.[6] In his original motion, Defendant presented the following arguments:

(1) **Ineffective Assistance of Counsel**: Trial Counsel failed to properly investigate the case, delayed filing a motion to suppress, and failed to properly raise issues of false statements made by officers and lack of probable cause.

(2) **Plain Error**: The State relied on false statements by the officers.

(3) **Illegal Search and Seizure**: The confidential informant's "tip" was unreliable and law enforcement had no other basis to suspect illegal activity supporting a search.

(4) **Brady Violation**: The State withheld evidence of misconduct by Carl Rone at the forensics lab.

(5) **Abuse of Discretion**: The Trial Judge abused his discretion in denying Defendant's motion to suppress.

On September 24, 2018, Defendant filed an additional brief in support and presented arguments including: (a) violation of Due Process when the State relied

---

[6] D.I. # 27. Defendant's Motion for Appointment of Counsel was denied (D.I. # 32). Defendant also filed two Motions for Transcripts, the first was denied and the second was granted in part (*See* D.I. #s 25, 26, 31, 32).

on witnesses who made sworn statements in reckless disregard for the truth; (b) improper use of the plain view doctrine; (c) use of an uncorroborated tip; and (d) the Court abused its discretion by denying Defendant's motion.[7]

In response to the Motion, trial counsel submitted a detailed Affidavit and documentation in support.[8] Trial counsel produced seven pages of notes beginning at the time of assignment. According to the notes, trial counsel (a) visited all locations looking for cameras and contacted an investigator; (b) spoke with residents, the landlord and property management; (c) provided Defendant with the discovery; (d) engaged in multiple visits and efforts to arrange for equipment to obtain video surveillance, meetings with witnesses and client re: investigation; (e) negotiated a plea with the State; and (f) advised Defendant of the difficulties with suppression as well as possible trial strategy. Although trial counsel spoke to an individual pictured in police photos and present at the scene during Defendant's arrest, her information did not support Defendant's version of events. Trial counsel filed the motion to suppress later than anticipated but the trial was continued to allow a hearing on the motion.

The State filed a Response asking the Court to deny the Motion because the claims are procedurally barred and/or lack merit. Defendant was afforded an

---

[7] D.I. # 38.

[8] D.I. # 43.

6

opportunity to amend his original motion,[9] to file a Response to Trial Counsel's Affidavit,[10] and additional time to file a Reply to address the State's Response to his Motion.[11] In his Reply, Defendant asks the Court to disregard the State's procedural arguments. Defendant then provides details regarding the search and seizure and argues: (1) the police obtained the video footage before defense counsel could and without submitting it into evidence; (2) the tip that the police acted on was uncorroborated and they did not have reasonable and articulable suspicion to approach Defendant; (3) the State did not present testimony that the officers acted under the caretaker doctrine; and (4) the trial jury would have been affected by the false testimonies and statements of the officers.

## LEGAL CONCLUSION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[12] This is Defendant's first motion for post-conviction relief and it was timely filed.[13] Despite this, Defendant's

---

[9] D.I. # 38.

[10] D.I. # 45.

[11] D.I. # 46.

[12] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[13] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when conviction becomes final).

claims are procedurally barred, waived and/or unsupported by the record. Where a procedural rule bars the claim(s), the Court should not consider the merits of the postconviction motion.[14]

Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. Although titled differently, (almost) all of the claims challenge the search leading to the arrest, and the proceedings related thereto, and are therefore barred by Super. Ct. Crim. R. 61(i)(3) or (4).[15]

Defendant's Motion provides a detailed analysis of what he believes to be inconsistent facts from the investigation and reports. Defendant is re-arguing the alleged "false statements" by the police officers that formed a basis for the search and presented by way of the Motion to Suppress. Defendant's claims of plain error, illegal search and seizure, violation of due process, improper use of plain view doctrine, uncorroborated tip, and abuse of discretion, are all claims challenging the

---

[14] *See State v. Chao*, 2006 WL 2788180, at * 5 (Del. Super. Sept. 25, 2006) ("To protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists.").

[15] The exception are the arguments relating to Carl Rhone and ineffective assistance of counsel that will be addressed below.

search which was the subject of the Motion to Suppress. These claims, regardless of how they are re-couched, where formerly adjudicated and are now barred.

To the extent Defendant believes these claims were not formerly adjudicated, they are deemed waived pursuant to Super. Ct. Crim. R. 61(i)(3). Defendant admits in his Motion that all of that information was made available to him through the discovery process prior to him entering into the Plea Agreement. Defendant, with full knowledge of the witness statements, elected to plead guilty and forgo confronting the witnesses at trial. When Defendant entered into the Plea Agreement and executed the Truth-in-Sentencing Guilty Plea Form, he waived his right to contest any of the evidence against him.[16] Defendant had a full and fair opportunity to raise any issues and elected to plead guilty. A defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful and Defendant is bound by his statements to the Court.[17] Therefore, to the extent the claims are not barred by Super. Ct. Crim. R. 61(i)(4), they were waived when Defendant failed to present

_____

[16] *See also, Brown v. State*, 108 A.3d 1201 (2015) (affirming denial of request for new trial on the basis that defendant pled guilty and gave up his right to trial and contest evidence).

[17] *Windsor v. State*, 2015 WL 5679751, at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements). *See also, State v. Brown*, 2010 WL 8250799, at *3 (Del. Super., Apr. 14, 2010), citing, *Somerville v. State*, 703 A.2d 629 (Del. 1997).

9

them to the trial court, on appeal and/or when he pleaded guilty and relinquished his right to challenge the State's evidence against him at trial.

A defendant may overcome this procedural hurdle by showing cause for relief and prejudice from a violation of his rights. However, "cause" requires the defendant to show that "some external impediment" prevented him from raising the claim.[18] Defendant admits that the State's evidence was available to him at the Suppression Hearing, at the time of trial, and when he plead guilty. Therefore, there was no impediment preventing him from raising the claims sooner. Further, to avoid this bar, a defendant must show prejudice by demonstrating that there is a substantial likelihood that if the issue were raised on appeal, the outcome would have been different.[19] Although Defendant has zealously challenged the evidence, this Court engaged in a meaningful process and found the search and seizure valid. Defendant has not offered a sufficient basis to contradict that finding should the matter have been appealed.

The bars to relief set forth above will also not apply to a claim that (i) the court lacked jurisdiction, (ii) pleads with particularity that new evidence exists creating a strong inference that the movant is actually innocent in fact of the acts underlying

---

[18] *State v. Wescott*, 2014 WL 7740466, at *1 (Del. Super. Nov. 24, 2014).

[19] *Id.*

the conviction, or (iii) a new rule of constitutional law, made retroactive to cases on collateral review, applies to render the conviction invalid.[20] Defendant does not argue the Court lacked jurisdiction, has not plead any new evidence or facts demonstrating that he is innocent of the acts giving rise to the conviction, nor has he asserted that a new rule of constitutional law affects his conviction. As such, Defendant has failed to establish an exception to the procedural bars.

Even if the Court were to consider Defendant's claims as an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[21] When a defendant has plead guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have insisted on going to trial.[22] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[23] Mere allegations of ineffectiveness will not suffice,

---

[20] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i)-(ii).

[21] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[22] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[23] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

11

rather, a defendant must make and substantiate concrete allegations of actual prejudice.[24] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[25]

In Defendant's original Motion he states "Defendant is not implying that going to trial would have resulted in a different outcome..." but then goes on to argue that if trial counsel had done a better job with the suppression motion, the outcome of the proceedings would have been different. Unfortunately, that seems unlikely. The Court warned Defendant prior to the Suppression Hearing, that he faced multiple legal hurdles in challenging the search and seizure. A full and thorough contested hearing was held and the Court denied the Motion to Suppress. After reviewing trial counsel's notes and the record in this matter it is difficult to discern what, if anything, trial counsel could have done differently. Considering the deference given to trial counsel's strategy, Defendant has failed to demonstrate counsel's conduct fell below an objective standard of reasonableness.

Defendant's remaining argument attacks the State's evidence relating to the firearm and the involvement of Carl Rone. According to the State's Response,

---

[24] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[25] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

Corporal Evans of the Wilmington Police Department Forensics Unit processed and analyzed the firearm in this matter and Carl Rone had no involvement in the case. In light of the fact that Rone was not involved in the analysis of the evidence, and Defendant's waiver of the right to contest the evidence against him, this argument must be denied. Defendant's hypotheticals and unsupported arguments set forth in his Motion do not persuade the Court otherwise.

Finally, Defendant was told by the Court that there were multiple obstacles to his suppression strategy and that success was unlikely. Defendant was eventually sentenced well within the lower end of the guidelines. Defendant avoided a possible sentence of up to 160 years and a possible minimum mandatory of 9 years. Not only has Defendant failed to demonstrate ineffective assistance of counsel, but Defendant cannot establish prejudice resulted in this matter.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

Cc: Prothonotary
Rebecca Song, Esquire
Ray Armstrong, Esquire
Haywood Johnson

13